Scott David **SHAFFER**, Petitioner,

v.

Donald **CLUSEN**, et al., Respondents.

No. 81–C–55.

United States District Court,
E. D. Wisconsin.

July 8, 1981.

David C. Niblack, State Public Defender by Louis B. Butler, Jr., Asst. State Public Defender, Milwaukee, Wis., for petitioner.

Bronson C. La Follette, Wis. Atty. Gen. by Sally L. Wellman, Asst. Atty. Gen., Madison, Wis., for respondents.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Mr. Shaffer seeks a writ of habeas corpus challenging his conviction in the circuit court of Milwaukee County on February 1, 1979, of second degree murder, attempted armed robbery, and concealing identity. He was sentenced to consecutive indeterminate terms of not more than 20 years, 5 years and 3 years on the respective counts.

Mr. Shaffer appealed his conviction to the state court of appeals, which affirmed the conviction in *State v. Shaffer*, 96 Wis.2d 531, 292 N.W.2d 370 (Ct.App.1980). The state supreme court denied his request for further review.

The petitioner bases this application for habeas corpus on his contention that his statement made to police officers at the police station should have been suppressed. A hearing was held in the state circuit court in advance of the trial, and the application for suppression was denied. The underlying circumstances relating to the taking of Mr. Shaffer's statement are not in significant dispute. However, the parties vigor-ously disagree on the legal implications of the events which surrounded the taking of the statement. I find that under all the circumstances the petitioner cannot be found to have waived his right to remain silent. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).

Mr. Shaffer was arrested at 5:11 A.M. on July 15, 1978, by a police officer outside of his home in connection with a robbery and shooting that had occurred at a tavern. The arresting officer, Mr. Walloch, advised Mr. Shaffer of his constitutional rights prior to any questioning, and the petitioner responded to questions for approximately five minutes; he then stated that he did not want to answer any more questions. Mr. Walloch immediately discontinued the questioning and took Mr. Shaffer to the West Allis police station. Mr. Walloch did not inform his superiors that Mr. Shaffer had exercised his right to terminate the questioning. At 5:20 A.M., another officer, Mr. Butorac, brought the petitioner into an interrogation room, where the latter was once again informed of his *Miranda* rights. Just as he had told the previous officer, Mr. Shaffer again asserted that he did not want an attorney. However, he informed officer Butorac that he was willing to answer questions and then proceeded to make a comprehensive oral confession, which took approximately 45 minutes.

In *Miranda v. Arizona*, 384 U.S. 456, 473, 86 S.Ct. 1602, 1627, 16 L.Ed.2d 694 (1966), the Court said:

"Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. At this point he has shown that he intends to exercise his Fifth Amendment privilege; any statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise. Without the right to cut off questioning, the setting of in-custody interrogation operates on the individual to overcome free choice in producing a statement after the privilege has been once invoked."

Both the state trial judge and the state court of appeals determined that the petitioner had voluntarily waived his right to remain silent. That finding is challenged on this application for habeas corpus. Under the circumstances described above, can it be said that Mr. Shaffer's right to cut off questioning was "scrupulously honored?" In my opinion, it cannot.

The Supreme Court of the United States evaluated a comparable problem in *Michigan v. Mosley*, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975). Both sides recognize the applicability of *Mosley*, with the respondent maintaining that the state court of appeals correctly applied the waiver doctrine. The petitioner points out that the second interrogation started only 9 minutes after the initial arrest; Mr. Shaffer also contends that the second interrogation related to the same subject matter as the earlier interrogation. Both of these considerations were factors which the United States Supreme Court in *Mosley* stated affected the admissibility of statements made after a person had expressed a desire to remain silent. Said the court in *Mosley* (at p. 104, 96 S.Ct. at p. 326);

"After an interval of more than two hours, Mosley was questioned by another police officer at another location about an unrelated holdup murder."

At no time did Mr. Shaffer seek the appointment of counsel. Therefore the case of *Edwards v. Arizona*, —— U.S. ——, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) is not squarely in point. However, in that case it was recognized that a suspect may validly waive his rights. *North Carolina v. Butler*, 441 U.S. 369, 372, 99 S.Ct. 1755, 1756, 60 L.Ed.2d 286 (1979).

The Wisconsin supreme court addressed a related problem in *Wentela v. State*, 95 Wis.2d 283, 290 N.W.2d 312 (1980). Both the time lapse between the two questionings and the content of the second interrogation were factors considered by the state supreme court. Chief Judge John W. Reynolds has also noted the impropriety of a second interrogation relating to the same crime within a short period of time. *See*

*United States v. Clayton*, 407 F.Supp. 204, 207 (E.D.Wis.1976).

In the case at bar, Mr. Walloch failed to disclose to the successive interrogating officers that Mr. Shaffer had exercised his prerogative of cutting off questioning. The respondent urges that this reflects favorably on the good faith of officer Butorac. Whether such failure to communicate was intentional or negligent, it is my opinion that the impact upon Mr. Shaffer and its relationship to his *Miranda* rights is the same. In order to give effect to the salutary purpose of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the state bears the burden of demonstrating that the *Miranda* right to remain silent, once claimed, was later voluntarily waived by a defendant. In my opinion, a consideration of the factors recited in *Mosley* necessitates the conclusion that the second interrogation was conducted in violation of Mr. Shaffer's *Miranda* rights.

The respondent urges that the failure to suppress Mr. Shaffer's statement, if error, was nevertheless harmless beyond a reasonable doubt and that, accordingly, the writ of habeas corpus should not issue. While there can be no doubt that there was other significant testimony during the trial, I am thoroughly convinced that the admission of his statement played a meaningful role in Mr. Shaffer's conviction. *See Mincey v. Arizona*, 437 U.S. 385, 398, 98 S.Ct. 2408, 2416, 57 L.Ed.2d 290 (1978).

Therefore, IT IS ORDERED that the petition for a writ of habeas corpus be and hereby is granted.

IT IS ALSO ORDERED that the execution of the writ be stayed for a period of 120 days during which time the state may elect to retry Mr. Shaffer or appeal this order.

IT IS FURTHER ORDERED that if an appeal is taken from this order, the execution of the writ will be stayed pending the results of the appeal.

IT IS FURTHER ORDERED that if the actual retrial of Mr. Shaffer is commenced within 120 days from the date of this order,

the execution of the writ will be permanently stayed.